UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VARDHMAN POLYTEX LIMITED

      Plaintiff,

   -against-           REPORT AND
                   RECOMMENDATION
                   08-CV-1643 (DLI)(SMG)
G.M.E. & SUPPLIES, INC. and WACHOVIA
BANK, N.A.,

      Defendants.
-----------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

## Introduction

  Plaintiff, Vardhman Polytex Limited ("plaintiff" or "VPL"), brings this action against defendant, G.M.E. & Supplies, Inc. ("defendant" or "G.M.E."), to recover monies allegedly due and owing pursuant to a contract between the parties for the purchase of yarn from plaintiff. Plaintiff claims that although it made the required shipments, defendant breached the contract when it failed to tender the balance of the contract price of $893,394.86. Plaintiff also seeks to recover pre- and post-judgment interest.[1] Upon plaintiff's application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of defendant with respect to VPL on January 23, 2009. Docket Entry 17.

  In its complaint, plaintiff also named Wachovia Bank N.A. ("Wachovia"), and sought to hold Wachovia and G.M.E. joint and severally liable for damages. VPL alleged that Wachovia negligently provided certain documents to G.M.E., which allowed G.M.E. to obtain possession

---

[1] Although plaintiff's complaint seeks attorney's fees and costs, see Compl. at Wherefore cl., plaintiff's motion for default judgment does not. As a result, I deem plaintiff's request for attorney's fees and costs abandoned.

of the goods without payment. Wachovia answered the complaint and settled with plaintiff for $459,723.30. A stipulation of dismissal with prejudice and without costs as to Wachovia was entered by the court on December 5, 2008. Order dated December 5, 2008. In its answer to the complaint, Wachovia filed a cross-claim against G.M.E. seeking indemnification and/or contribution pursuant to an agreement between G.M.E. and Wachovia. G.M.E. was served with the cross-claim summons, and Wachovia's answer and cross-claims, Docket Entry 20, but has failed to appear in or otherwise respond to this action. Accordingly, Wachovia seeks a default judgment against G.M.E. for the settlement amount, as well as interest and costs.

The Honorable Dora L. Irizarry has referred this case to me to report and recommend on the amount of damages and other relief, if any, to be afforded. In support of its application for damages, plaintiff has submitted a memorandum of law, Docket Entry 24, a declaration from VPL's Chairman ("Oswal Decl."), Docket Entry 22, and an attorney's declaration ("Singh Decl."), Docket Entry 23, with supporting exhibits. Wachovia has submitted a declaration from a Senior Vice President at Wachovia ("Sheffield Decl."), Docket Entry 21, an attorney's declaration, Docket Entry 20, and supporting exhibits. G.M.E. has not filed any opposition. I determine what damages to award based on VPL's and Wachovia's submissions as indicated below.

## Discussion

*A.    Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049

(1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

i. G.M.E.'s Liability to VPL

Plaintiff's first cause of action is for breach of contract. New York law requires a plaintiff to prove four elements to prevail on a breach of contract claim: "(1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004). Plaintiff alleges that the parties contracted for the purchase and sale of yarn.[2] Compl. ¶ 7. Pursuant to the agreement, G.M.E. was to pay part of the purchase price before VPL shipped the goods; the balance was to be paid after shipment and upon receipt of shipment documents by Wachovia, the collecting bank designated by G.M.E. *Id*. ¶¶ 8-10; Oswal Decl. ¶ 3. From December 2006 to May 2007, VPL claims that it made twenty-nine shipments,

---

[2] VPL has not submitted evidence of a written and signed contract between VPL and G.M.E., which is required by the Statute of Frauds to enforce a contract for the sale of goods over $500. *See* N.Y. U.C.C. § 2-201(1). However, a contract that does not satisfy the requirements of Section 2-201(1) may still be enforceable in circumstances where goods have been received and accepted. *See* N.Y. U.C.C. § 2-201(3)(c). "The rationale underlying the exception is that '[r]eceipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract actually exists.'" *Dallas Aerospace Inc. v. CIS Air Corp.*, 352 F.3d 775, 782 (2d Cir. 2003) (quoting N.Y. U.C.C. § 2-201, Official Comment ¶ 2). In its complaint, VPL alleges that G.M.E. accepted twenty-nine shipments of yarn, but did not pay VPL the entire contract price. Compl. ¶ 18. In addition, VPL produced a letter, allegedly from G.M.E., acknowledging its debt to VPL. Oswal Decl., Ex. B. Accordingly, I find that the contract between VPL and G.M.E. is enforceable even though plaintiff has not produced a written copy of the agreement.

3

with an invoice amount of $1,478,622.60, and delivered the shipping documents to Wachovia. Oswal Decl. ¶ 4, Ex. A. VPL further alleges that G.M.E. tendered an advance payment of $585,227.74, but failed to pay the balance of $893,394.86. *Id*. ¶ 5. In a letter dated November 28, 2007, from G.M.E. to VPL, defendant acknowledged that it owed VPL $893,394.86 for the twenty-nine shipments. Compl. ¶ 32; Oswal Decl. ¶ 6, Ex. B. As such, plaintiff has stated a cause of action for breach of contract.

    ii.    <u>G.M.E.'s Liability to Wachovia</u>

Wachovia seeks indemnification and/or contribution from G.M.E. for its settlement with VPL. New York General Obligations Law § 15-108(c) provides that a settling tortfeasor may not seek contribution from nonsettling joint tortfeasors. *See also City Nat'l Bank of Fla. v. Morgan Stanley DW, Inc.*, 2007 WL 927428, at *2 (S.D.N.Y. Mar. 29, 2007). Section 15-108, however, does not preclude a settling tortfeasor from asserting a claim for indemnification against a joint tortfeasor. *Id*. Indemnification shifts the loss from one party to another "based on the other party's actual responsibility for causing the harm." *Casey v. Ryder Truck Rental, Inc.*, 2005 WL 1150228, at *5 (E.D.N.Y. May 16, 2005). A contract that provides for indemnification will be enforced where "the intent to assume such a role is 'sufficiently clear and unambiguous.'" *City Nat'l Bank of Fla.*, 2007 WL 927428, at *2 (quoting *Rodrigues v. N&S Bldg. Contractors, Inc.*, 5 N.Y.3d 427, 433 (2005)).

In accordance with Section 15-108(c), Wachovia may not seek contribution from G.M.E. because it has already settled with VPL. With respect to indemnification, Wachovia asserts that

4

the relationship between Wachovia and G.M.E. is governed by a Deposit Agreement and Disclosures for Commercial Accounts ("Deposit Agreement"),[3] which provides:

> 49. INDEMNIFICATION OF BANK. You hereby indemnify and hold us, our officers, employees and agents harmless from any and all losses, or claims of any kind arising in connection with the Services provided under this Agreement, except those losses, claims, and expenses (including attorney's reasonable fees and costs) arising out of the gross negligence or wilful misconduct of the Bank or its employees. Your further indemnify and hold us, our officers, employees and agents harmless from any and all losses or claims of any kind arising out of actions taken or omitted in good faith by us in reliance upon instructions from you.

Sheffield Decl. ¶ 10, Ex. 5. Wachovia asserts that because of G.M.E.'s wrongful conduct, Wachovia had little choice but to settle with VPL, and thereby sustained a loss in the amount of $459,723.30. *Id*. ¶¶ 9, 11. Wachovia further alleges that G.M.E. is required to indemnify Wachovia in that amount pursuant to the Deposit Agreement. Answer & Cross-Claim ¶ 90. The language above indicates that G.M.E. agreed to indemnify Wachovia against "claims of any kind arising in connection with the Services provided under this Agreement." Accordingly, Wachovia has stated a cause of action for indemnification.

B.  *Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an

---

[3] I note that the Deposit Agreement appears to be a standard agreement that governs entities with commercial bank accounts at Wachovia. It is not signed by G.M.E. and there is no other evidence in the record indicating that G.M.E. is bound by this Agreement. By virtue of the default judgment to be entered against G.M.E. with respect to Wachovia, however, G.M.E. will be deemed to have admitted the factual allegations in Wachovia's cross-claim, including the fact that the relationship between G.M.E. and Wachovia is governed by the Deposit Agreement, see Answer & Cross-Claim ¶ 89. Accordingly, I find that the Deposit Agreement is enforceable against G.M.E. even though it is not signed by the parties.

evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id.* A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. As noted above, plaintiff has submitted attorney's declarations detailing plaintiff's calculation of damages and has attached the relevant commercial invoices in support of its application. Wachovia has also submitted an attorney's declaration, which includes a disclosure of the settlement amount and a copy of the Deposit Agreement. Defendant has not submitted any opposition. Accordingly, a hearing on the issue of damages is not warranted.

    i.    <u>VPL's Damages</u>

Plaintiff seeks $893,394.86 in damages — the balance of the contract price for the twenty-nine shipments. Based on the evidence submitted by plaintiff, it is clear that plaintiff is entitled to this amount. Plaintiff, nevertheless, fails to account for the fact that Wachovia has already paid plaintiff $459,723.30 of the total amount due. "It is hornbook law that a plaintiff cannot recover for the same injury twice." *U.S. v. Zan Mach. Co.*, 803 F. Supp. 620, 623 (E.D.N.Y. 1992). *See also Twenty First Century L.P. I v. LaBianca*, 2001 WL 761163, at *5 (E.D.N.Y. May 2, 2001) ("[The] 'one-satisfaction rule' provides that a plaintiff's total recovery may not exceed the amount of the judgment that it obtains in an action based on any given injury."). As a result, courts have subtracted the amount that a plaintiff receives from a settling defendant from any

judgment the plaintiff obtains against a nonsettling defendant, as long as the "settlement and judgment represent common damages." *Twenty First Century L.P. I*, 2001 WL 761163, at *5 (quoting *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989), *cert. denied*, 493 U.S. 1024 (1990)). Here, plaintiff originally sued G.M.E. and Wachovia, jointly and severally, for $893,394.86 in damages. Because plaintiff may not recover twice for the same injury, I respectfully recommend that a judgment be entered against G.M.E. in the principal amount of $433,671.56, which is the difference between the settlement amount VPL has already recovered from Wachovia and its total damage claim.

Plaintiff also seeks prejudgment interest on the damages awarded. In New York, a prevailing plaintiff is entitled to prejudgment interest at the rate of 9% per annum from the date of the breach until the date of final judgment. *See* N.Y. C.P.L.R. 5001-5002, 5004; *Newman v. Mor*, 2009 WL 890552, at *7 (E.D.N.Y. Mar. 31, 2009). Plaintiff requests prejudgment interest accruing from November 28, 2007, the date that G.M.E. acknowledged its debt in a letter to VPL. Oswal Decl. ¶ 6, Ex. B. More specifically, plaintiff seeks the following: (1) prejudgment interest on $893,394.86, to be calculated from November 28, 2007 to December 3, 2008 (the date Wachovia paid the settlement amount); (2) prejudgment interest on $433,671.56 (the damage amount minus the settlement amount), to be calculated from December 3, 2008 until the date of final judgment. Singh Decl. ¶ 7. According to my calculations, plaintiff is entitled to recover prejudgment interest in the amount of $81,286.69 from G.M.E. for the period between November 28, 2007 and December 3, 2008.[4] In addition, I recommend that plaintiff be awarded

---

[4] I calculated the amount of prejudgment interest due to plaintiff based on the following formula: ($893,394.86 × .09) ÷ 365 days = $220.289 in interest per day. $220.289 × 369 days = $81,286.69.

prejudgment interest at the rate of 9% per annum on $433,671.56, to be calculated by the Clerk of the Court beginning from December 3, 2008, until the date of final judgment.

Plaintiff also requests post-judgment interest on the damage award. Pursuant to 28 U.S.C. § 1961(a), a prevailing party is entitled to post-judgment interest "on any money judgment in a civil case recovered in a district court." *See also Newman*, 2009 WL 890552, at *7. Because an award of post-judgment interest is mandatory, see *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004), I recommend that plaintiff be awarded such interest on the judgment of $433,671.56 at the statutory rate prescribed by Section 1961.

    ii.    <u>Wachovia's Damages</u>

Wachovia seeks indemnification from G.M.E. in the amount of $459,723.30. Wachovia has presented a declaration stating that it paid the above amount to VPL to settle the claim against it. Sheffield Decl. ¶ 11. The amount requested is considerably less than the $893,394.86 sought by VPL in its complaint, jointly and severally, against G.M.E. and Wachovia. *See City Nat'l Bank of Fla.*, 2007 WL 927428, at *4-5 (awarding indemnification in a default judgment where the party presented proof of the settlement and the amount sought was less than the initial claim). I therefore respectfully recommend that Wachovia be awarded $459,723.30 in indemnification against G.M.E.

Wachovia also seeks interest on the damage award, beginning from November 19, 2008. Sheffield Decl. ¶ 11. As noted above, under New York law, prejudgment interest at the rate of 9% per annum is awarded to a prevailing party for contract damages. N.Y. C.P.L.R. 5001(a). Because this is an action in which Wachovia is awarded damages pursuant to an indemnification agreement, Wachovia is entitled to prejudgment interest. *See U.S. Fidelity &*

8

*Guaranty Co. v. Petroleo Brasileiro S.A.-Petrobras*, 2005 WL 736149, at *2 (S.D.N.Y. Mar. 29, 2005). Wachovia seeks accrual from November 19, 2008, but fails to provide an explanation for the selected date.[5] Under New York law, prejudgment interest "accrue[s] from the date[] of payment by the plaintiffs and not from the commencement of their suit to recover indemnification." *Bethlehem Steel Corp. v. Youngstown Cartage Co.*, 79 A.D.2d 902, 903 (1st Dep't 1981) (citing N.Y. C.P.L.R. 5001(b)). Although Wachovia fails to provide the date payment was made, according to VPL, the settlement was paid on December 3, 2008. Singh Decl. ¶ 7. I therefore respectfully recommend that Wachovia be awarded prejudgment interest at the rate of 9% per annum to be calculated by the Clerk of the Court beginning from December 3, 2008, until the date of final judgment.

For the reasons stated above, Wachovia is also entitled to post-judgment interest on the damage award pursuant to 28 U.S.C. § 1961(a). Accordingly, I respectfully recommend that Wachovia be awarded post-judgment interest at the statutorily mandated rate.

In its cross-claim and motion for default judgment, Wachovia requests reasonable attorney's fees, costs and disbursements associated with this action. *See* Answer & Cross-Claim at Wherefore cl.; Sheffield Decl. ¶ 11. Wachovia, however, fails to provide any evidence of the costs and disbursements it expended in this action. I therefore respectfully recommend that Wachovia's claim for attorney's fees, costs and disbursements be denied.

---

[5] According to a letter filed by VPL on November 6, 2008, VPL anticipated filing a Stipulation of Discontinuance with respect to Wachovia on November 14, 2008. *See* Docket Entry 13. The Stipulation, however, was not filed until December 4, 2008, even though it is dated November 13, 2008. *See* Docket Entry 15.

## Conclusion

For the reasons stated above, I respectfully recommend that judgment be entered for VPL against G.M.E. in the amount of $433,671.56 in principal damages and $81,286.69 in prejudgment interest. I also recommend that the Clerk of the Court calculate additional prejudgment interest on $433,671.56 at the time of judgment at the rate of 9% per annum, starting from December 3, 2008. Lastly, I recommend that VPL be awarded post-judgment interest at the statutorily mandated rate.

The Clerk of the Court is hereby directed to enter the default of G.M.E. as to Wachovia. Furthermore, for the reasons stated above, I respectfully recommend that judgment be entered for Wachovia against G.M.E. in the amount of $459,723.30 in principal damages. I also recommend that Wachovia be awarded prejudgment interest at the rate of 9% per annum, starting from December 3, 2008, and post-judgment interest at the statutorily mandated rate. Finally, I recommend that Wachovia's demand for attorney's fees, costs and disbursements be denied.

Any objections to this Report and Recommendation must be filed within ten days of this Report and in any event no later than July 2, 2009. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). VPL and Wachovia are hereby directed to serve a copy of this Report and Recommendation upon

defendant at its last known address, and to file proof of service with the Court.

_____/s_____  
Steven M. Gold  
United States Magistrate Judge

DATED: June 18, 2009  
           Brooklyn, New York

U:\IRM 2008-2009\Damages Inquests\Polytex v. GME\VPL v. GME_damages inquest_v2.docx